IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT D. BORAS INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CIV-8369 |
| ) | ECF Case |
| GARY ANTONIAN SHEFFIELD, ) | |
| ) | Scheindlin, D.J. |
| Respondent. ) | |
| ) | |
| ) | |
| ) | **MEMORANDUM IN RESPONSE** |
| ) | **TO ORDER TO SHOW CAUSE** |

Petitioner Scott D. Boras Inc., ("Boras" or "Petitioner"") d/b/a Boras Corporation, by its undersigned attorneys, hereby respectfully submits this Memorandum in Response to the Court's October 8, 2009 Order to Show Cause why the Petition to Confirm Arbitration Award and its Exhibits filed on October 2, 2009 should remain under seal.

**BACKGROUND AND PROCEDURAL POSTURE**

Pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act, Petitioner seeks confirmation of an Arbitration Award of the Major League Baseball Players Association ("MLBPA") Voluntary Arbitration Panel. The Petition arises out of a dispute between Petitioner and Respondent Gary Sheffield with respect to Boras' claims under a Representation Agreement between the parties that, *inter alia*, sought a fee related to a modification beneficial to Sheffield of his contract with a Major League baseball club. In accordance with their agreement and the Major League Baseball Players Association Regulations, the parties submitted their dispute to MLBPA arbitration. The Arbitrator issued his award in favor of Petitioner on October 12, 2008. The full text of the Arbitrator's award is attached to the Petition to Confirm Arbitration Award as Exhibit 3. To

date, Respondent has not paid Petitioner any part of the amounts owed under the Arbitration Award, nor has Respondent moved to vacate, modify or correct the Arbitration Award.

On October 2, 2009, Petitioner moved the Court *ex parte* for an Order granting leave to file under seal its Petition to Confirm Arbitration Award and its supporting Exhibits, including the full text of the Arbitrator's Award and the Parties' Representation Agreement.[1] The Honorable Kevin Duffy, U.S.D.J., in his capacity as Part I Judge, granted Petitioner's *ex parte* Motion, and the Petition and Exhibits were filed under seal. The Parties presently are in negotiations to resolve this dispute.

## APPLICABLE LAW

While there is a presumption of public access to "judicial documents" -- *i.,e.,* documents filed with the court that are "relevant to the performance of the judicial function and useful in the judicial process"-- that presumption is rebuttable. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). The Second Circuit has enumerated the steps a district court must take when deciding whether documents may be removed from public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under the Second Circuit's framework, after determining that the papers at issue are, indeed, "judicial documents," the Court must assess the weight to be given to the presumption in favor of public access to such documents. *Id.* at 119. The Court then must balance the competing considerations supporting confidentiality against the presumption of access, which may include, *inter alia*, "the privacy interests of those resisting disclosure." *Id.* at 120 (*quoting Amodeo*, 71 F.3d at 1050) (internal quotation marks omitted). The Southern District of New York has held that "[t]he federal policy in favor of arbitration is

---

[1] Petitioner has moved to seal only the Petition and its Exhibits. Petitioner reserves the right to seek leave to file other documents under seal as the circumstances of the litigation may require.

A/73169142.2         2

promoted by permitting one of the principle advantages of arbitration - confidentiality - to be achieved." *Global Reinsurance Corp. v. Argonaut Insurance Co.*, Nos. 07 Civ. 8196, 07 Civ. 8350, 2008 WL 1805459 at *1 (S.D.N.Y., April 24, 2008).

## ARGUMENT

The MLBPA regulations state that disputes between players and their agents "involve essentially internal matters concerning the relationship between individual Players and Players' Agents, and the MLBPA in its capacity as the exclusive bargaining representative of Players… ." MLBPA Regulations, Section 5, attached as Exhibit 2 to the Petition to Confirm Arbitration Award.  Public disclosure of the Petition and Arbitrator's Award would be inconsistent with the MLBPA's salutary efforts to have disputes between Players and Players' Agents resolved by confidential arbitration rather than by public litigation.  In fact, the Arbitrator in this matter specifically noted for the record that the maintenance of the confidentiality of MLBPA sponsored arbitration proceedings is critical to the "integrity" of the MLBPA-arbitration process. *See* Declaration of George Vujovich at ¶ 7 attached hereto as Exhibit A ("Vujovich Decl.").

Also relevant is the fact that this Court's review of the arbitrator's award in a confirmation proceeding is exceedingly limited.  Normally, confirmation of an arbitration award is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." 9 U.S.C. § 9; *Global Reinsurance Corp. v. Argonaut Insurance Co.*, Nos. 07 Civ. 8196, 07 Civ. 8350, 2008 WL 1805459 at *1 (S.D.N.Y., April 24, 2008). The Court's analysis of the underlying arbitration proceeding is narrow because  "[c]onfirming an arbitration award under the Federal Arbitration Act (FAA) requires only a barely colorable justification for the outcome reached." *AmeriCredit Financial Services, Inc. v. Oxford Management Services*, 627 F.Supp.2d 85, 92 (E.D.N.Y. 2008); *Bisnoff v. King*, 154 F. Supp. 2d. 630, 637 (S.D.N.Y. 2001).

The Court's reduced role in the confirmation of an arbitration award suggests that it should respect the regime of confidentiality under which the arbitration proceeding was conducted and the arbitration award was issued. This is particularly the case here because this dispute may soon be resolved by agreement and this court's further involvement likely will be quite limited.

When considering whether to seal documents submitted in connection with a confirmation proceeding, the Second Circuit has shown deference to parties' confidentiality agreements, and to the confidentiality of the underlying arbitration. *See, e.g., DiRussa v. Dean Witter Reynolds*, 121 F.3d 818, 825 (2d Cir. 1997) ("sealing the file" where "a confidentiality agreement entered into by the parties during the discovery phase of the arbitration required that the papers … submitted to the district court be placed under seal.") *c.f. Lugosch,* 435 F.3d at 126. During the arbitration proceeding now before this Court, Petitioner and Respondent expressly agreed that anything said, presented or discussed during the arbitration would be kept confidential. *See* Vujovich Decl. at ¶ 5.

Moreover, during the proceeding the Arbitrator, stating on the record that "the parties have agreed … that anything said in this room, presented in this room, discussed in this room in arbitration be kept confidential and not be publicized beyond this room," adopted and approved the confidentiality agreement reached by the Parties. *See* Vujovich Decl. at ¶ 6. The Parties relied on the Arbitrator's adoption and approval of the Parties confidentiality agreement, and on the MLBPA's regulations that promote the confidentiality of arbitral proceedings in making their factual presentations and arguments to the Arbitrator, some of which involved proprietary business information. Vujovich Decl. at ¶ 10. It thus would be unfair to ignore the Parties' reasonable reliance on the Arbitrator's assurance of confidentiality. *C.f., AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562, (2d Cir. 2005) ("[It is] presumptively unfair for courts to modify

protective orders which assure confidentiality and upon which the parties have reasonably relied" ) *quoting S.E.C. v. TheStreet.com*, 273 F .2d 222, 230 (2d Cir. 2001).

The privacy interests of the Petitioner and Respondent should be accorded greater weight than the rebuttable presumption of open access. The Petition and the Arbitrator's Award contain information of a highly confidential and sensitive nature, relating, *e.g.*, to proprietary business matters such as salary negotiation strategy, the public dissemination of which would be detrimental to both Petitioner and Respondent. Vujovich Decl. at ¶ 9.

Both the Petitioner, a sports agent, and the Respondent, a professional baseball player, are often in the public eye. Nevertheless, they are entitled to privacy in their personal and business dealings and have taken affirmative steps to protect that privacy. If the Petition and its Exhibits are unsealed, their contents likely would be widely disseminated in the print media, on television, and on the internet. This potentially could cause serious harm to the future business dealings of both Parties and would be contrary to their reasonable expectations of confidentiality, which were fully honored by the Arbitrator.

WHEREFORE, Petitioner respectfully asks that the Court maintain the confidentiality of the Petition to Confirm Arbitration Award and its Exhibits that were filed under seal on October 2, 2009.

DATED: October 16, 2009				Respectfully submitted,

<div style="margin-left: 3em;">

s/ Goutam Patnaik
James Hamilton
Goutam Patnaik (# GP9679)
Randall Levine
BINGHAM McCUTCHEN LLP
2020 K Street NW
Washington, DC 20006
ph: 202-373-6000
fax: 202-273-6001
james.hamilton@bingham.com
goutam.patnaik@bingham.com
randall.levine@bingham.com

</div>

## CERTIFICATE OF SERVICE

I certify that on this 16th day of October, 2009 I caused a true and correct copy of the foregoing MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE to be served by electronic mail and by U.S. mail, first class upon:

> Xavier D. James, Esq.
> The James Group, LLC
> xavierjamessr@aol.com
>
> 24 Shaw Lane
> Irvington, NY 10533
> 914-671-6726
> 914-478-7707 (fax)
>
> 350 7th Ave
> Suite 800
> New York, NY 10001
> 914-671-6726
> 212-947-2599 (fax)

<div style="text-align:right">
s/ Randall M. Levine<br>
Randall M. Levine
</div>