UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

SCOTT D. BORAS INC.,

        Plaintiff,

- against -

GARY ANTONIAN SHEFFIELD,

        Defendant.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/09

ORDER

09 Civ. 8369 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On October 2, 2009, Scott D. Boras, Inc. ("Boras") moved the Court *ex parte* for an order granting leave to file under seal its Petition to Confirm Arbitration Award ("Petition") and supporting Exhibits, including the full text of the Arbitrator's Award and agreements between the parties. Judge Kevin Duffy, in his capacity as Part I judge, granted Boras' motion.[1] This case was then assigned to this Court for all further proceedings. On October 7, 2009, this Court issued an Order to Show Cause why this matter should not be unsealed.[2]

        On October 16, 2009, Boras filed a Memorandum in Response to this

---

[1]     *See* 10/2/09 Order Granting Petitioner's *Ex Parte* Motion to File Petition Under Seal.

[2]     *See* 10/8/09 Order to Show Cause.

1

Court's Order to Show Cause. Boras contends that the Petition and its supporting Exhibits should remain under seal because (1) the parties agreed that anything said, presented or discussed during the arbitration would be kept confidential – an agreement the arbitrator adopted and approved;[3] (2) the parties relied on that agreement, the arbitrator's adoption of the agreement, and the Major League Baseball Players Association's regulations promoting confidentiality of arbitral proceedings;[4] (3) the Petition and arbitration award contain information of a highly confidential and sensitive nature, relating to, e.g., proprietary business matters such as salary negotiation strategy;[5] and (4) the parties are public figures and, if unsealed, the contents of the Petition and its supporting Exhibits would likely be widely disseminated in the media.[6]

Having reviewed Boras' Memorandum in Response, the Petition, and supporting Exhibits, I conclude that the presumption in favor of public access outweighs concerns for the parties' confidentiality of the general matters discussed

---

[3] *See* Declaration of George Vujovich, Boras' consultant, in Support of Boras's Memorandum in Response to Order to Show Cause ¶ 5.

[4] *See id.* ¶ 10.

[5] *See id.* ¶ 9.

[6] *See* Memorandum in Response at 5.

in the Petition and arbitration proceeding.[7]  In addition, "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable."[8]  By contrast, the proprietary business matters discussed in the Petition, Exhibits, and arbitration proceedings do justify confidentiality.[9]  Therefore, Boras is directed to refile copies of its Petition and supporting Exhibits redacted to omit proprietary business matters.  The unredacted copies may remain filed under seal.

---

[7]      See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (holding that, when deciding whether documents may be removed from public access, a district court must assess the weight to be given to the presumption in favor of public access to such documents and then balance the competing considerations supporting confidentiality against the presumption of access, which may include, inter alia, "the privacy interests of those resisting disclosures."). See also Global Reinsurance Corp. U.S. Branch v. Argonaut Ins. Co., Nos. 07 Civ. 8196 & 07 Civ. 8350, 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 24, 2008) ("In circumstances where an arbitration award is confirmed [by a federal court], the public in the usual case has a right to know what the Court has done.").

[8]      Lugosch, 435 F.3d at 126.  Cf. DiRussa v. Dean Witter Reynolds, 121 F.3d 818, 825 (2d Cir. 1997) ("sealing the file" where "a confidentiality agreement entered into by the parties during the discovery phase of the arbitration required that the papers . . . submitted to the district court be placed under seal").

[9]      See, e.g., In re Adelphia Commc'ns Corp., 323 B.R. 345, 356 n.14 (S.D.N.Y. Bankr. 2005) (noting that evidence of a highly proprietary nature was filed under seal).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          October 23, 2009

## - Appearances -

**For Plaintiff:**

Goutam Patnaik, Esq.
Bingham McCutchen, LLP
2020 K Street, NW
Washington , DC 20006-1806
(202) 373-6175