# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT D. BORAS INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 09-CIV-8369 (SAS) |
| ) | ECF Case |
| v. ) | |
| ) | Scheindlin, D.J. |
| GARY SHEFFIELD, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| _____) | |

## RESPONSE OF GARY A. SHEFFIELD TO THE MEMORANDUM OF SCOTT D. BORAS, INC. IN RESPONSE TO THE ORDER TO SHOW CAUSE

Respondent Gary A. Sheffield, by and through his undersigned attorney, hereby submits this response to the Memorandum of Scott D. Boras, Inc. in Response to the Order to Show Cause.

1. Scott D. Boras, Inc., filed this matter seeking compensation and the confidentiality protections of this Court without any advance request to Mr. Sheffield or his counsel for payment or notice that a federal lawsuit would be filed if payment was not forthcoming.

2. Petitioner is fully aware of Respondent's position, set out in Respondent's Answer and Affirmative Defenses, that Respondent does not owe Petitioner any funds for several reasons, including, *inter alia*, the fact that the underlying contract is wholly void, illegal and unenforceable.

3. Petitioner is further aware that following the Arbitration decision, counsel for Respondent contacted counsel for Petitioner in an effort to resolve the matter and no response to that effort was ever forthcoming from Petitioner or anyone acting on his behalf.

4. The documents Scott D. Boras Inc. now seeks to protect as confidential are not confidential documents.

5. The Arbitration Decision is not confidential. On the first day of the hearing the Arbitrator stated as follows:

> THE ARBITRATOR: The parties have agreed, off the record, that anything said in this room, presented in this room, discussed in this room in arbitration be kept confidential and not be publicized beyond this room.
>
> Mr. Pryor indicated that a brief summary of the proceedings he may – Mr. Pryor will make to his executive board, but beyond that it will not be publicized.
>
> ***The decision of the arbitrator, however, is available for parties to use in subsequent proceedings. As with respect to the use of the arbitrator's decision, the parties may, if they wish, agree to some limitation.***
>
> Is that agreeable to the parties? Is that an accurate representation of what the parties discussed?
>
> COUNSEL FOR SCOTT BORAS INC.: Yes.
> COUNSEL FOR GARY SHEFFIELD: Yes.

Transcript of March 13, 2007 Hearing at 7-8 (emphasis added), redacted excerpt attached hereto as Exhibit A.

6. There has never been any agreement between the parties that the decision of the Arbitrator would be treated as confidential. By this proceeding, Petitioner seeks to gain confidentiality protections that it did not have by

2

       virtue of the arbitration proceedings themselves, any negotiation between the parties, or by the decision of the Arbitrator.

7. If the Arbitration decision, issued in October of 2008, had been deemed confidential, the Arbitrator would have so indicated at the time it was issued, and one would have expected the decision to have been marked "confidential." The decision was not designated confidential by the Arbitrator and, consistent with the agreement set out at the arbitration hearing, has not been considered to be or treated as confidential. In fact, the substance of the Arbitrator's decision was shared with the press and widely reported at the time. Petitioner now seeks retroactive confidentiality status for a document which was never considered or treated as confidential.

8. Petitioner also seeks confidentiality for the Major League Baseball Players' Association Regulations regarding Player-Agents. Again, there has never been any indication from the MLBPA that these regulations are confidential.

9. Finally, Petitioner seeks to keep the Representation Agreement that he entered with Gary Sheffield confidential. The agreement was signed in 2001 and was not then considered confidential and nowhere states that it is a confidential document. As a party to the representation agreement signed in 2001, which was not then deemed confidential, Mr. Sheffield was never previously restricted as to the use to which he put his own agreement. There is no reason that Petitioner should be able to convert a

document that was not previously confidential into a confidential document simply by virtue of filing a grievance or petition.

10. Respondent respectfully requests that the Sealing Order of October 2, 2009 be vacated as none of these documents were ever "confidential," nor treated as such. There is no good reason to now deem them confidential simply because of the filing of the instant Petition.

        Respectfully submitted,

        s/Janell M. Byrd

        Janell M. Byrd, Esq.[*]
        The Cochran Firm
        1100 New York Avenue, N.W.
         Suite 340, West Tower
        Washington, D.C. 20005
        (202) 682-5800 (Telephone)
        (202) 408-8852
        jbyrd@cochranfirm.com

---

[*] Admitted Pro Hac Vice per October 23, 2009 Order of Judge S. Scheindlin.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th Day of October, 2009, I caused a true and correct copy of the foregoing **Response of Gary A. Sheffield to the Memorandum of Scott D. Boras, Inc. in Response to the Order to Show Cause** to be served via electronic mail and by U.S. mail, first class upon:

James Hamilton, Esq.
Goutam Patnaik, Esq.
Randall Levine, Esq.
BINGHAM McCUTCHEON LLP
2020 K Street, N.W.
Washington, D.C. 20006
James.hamilton@bingham.com
Goutam.patnaik@bingham.com
Randall.levine@bingham.com

s/Janell M. Byrd
Janell M. Byrd